UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re:

KATTIE M. WHITE,                                                    Case No.: 10-00889

    *Debtor*.

CARL EDWARDS,

    *Plaintiff*,

v.                                                                               Adv. Proc. No.: 10-00059

KATTIE M. WHITE,

    *Defendant*.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND GRANTING THE DEFENDANT'S MOTION TO STRIKE

    K. Amanda Herndon, Attorney for the Plaintiff, Mobile, AL
    Theodore Hall, Attorney for the Debtor, Mobile, AL

This case is before the Court on the Plaintiff's Motion for Summary Judgment, the Defendant's Motion for Summary Judgment, and the Defendant's Motion to Strike. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. The Court has the authority to enter a final order pursuant to 28 U.S.C. § 157(b)(2). For the reasons indicated below, the Defendant's Motion for Summary Judgment is due to be GRANTED IN PART, the Plaintiff's Motion for Summary Judgment is due to be DENIED, and the Defendant's Motion to Strike is due to be GRANTED.

### FACTS

In 2008, Plaintiff Carl Edwards sued Kattie White, Home Loan USA, and Martha McCoy in the Circuit Court of Mobile County, Alabama for breach of contract, negligence/wantonness,

and fraud stemming from a 2007 home purchase transaction in which Kattie White was the mortgage broker.  There is no evidence or allegation that Ms. White's role as a mortgage broker was modified or extended beyond a standard mortgage broker role in any way.  Both Mr. Edwards and Ms. White supplied the Court with briefs discussing additional facts of the underlying Circuit Court lawsuit, however, those additional facts need not be restated here because they do not impact the outcome of a Motion for Summary Judgment under § 523(a)(2)(A) or § 523(a)(4).

On February 22, 2010, the Plaintiff and the Debtor entered a settlement agreement regarding the underlying civil action in the Circuit Court.  The Plaintiff submitted a transcript of the parties announcing their agreement on the record in Circuit Court as well as a draft settlement order stating, among other things, that the Defendant (Ms. White) would pay the Plaintiff (Mr. Edwards) $5,000 on or before March 2, 2010, and $10,000 within 30 days of March 2, 2010, in full settlement of claims against the Defendant and agreeing to a confidentiality agreement.

On February 6, 2010, the Debtor obtained credit counseling and on March 2, 2010, she filed a voluntary chapter 7 petition.  She listed Mr. Edwards as an unsecured creditor holding a claim of $15,000.  She also listed the Circuit Court litigation as a suit to which the Debtor was a party in the year preceding bankruptcy petition.

The Plaintiff filed this adversary proceeding on June 4, 2010, objecting to the dischargeability of his debt in the Debtor's bankruptcy case under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(4).  The complaint alleges that (1) the Debtor entered the settlement agreement under false pretenses and committed actual fraud by obtaining a debt she did not intent to pay, (2) the Debtor's fraudulent and intentional non-payment led to a consent judgment against Debtor for

negligence, wantonness, fraud, and misrepresentation in the Circuit Court action for $15,000, (3) the underlying transaction that is the subject of the state court lawsuit was created by the Debtor's fraud, and (4) the Defendant is a fiduciary who committed fraud or defalcation in the state court.

The Plaintiff asserts that the Defendant knew when she signed the Circuit Court settlement that she could not pay and was already contemplating bankruptcy. The Defendant, on the other hand, asserts that Mr. Edwards is trying to enforce an agreement that was not properly signed by all of the parties, therefore Ms. White argues that she has no liability. Both parties filed Motions for Summary Judgment. The Defendant also filed a Motion to Strike Portions of the Affidavit of Richard Holston. This matter was taken under advisement on August 9, 2011.

LAW

A motion for summary judgment is controlled by Rule 56 of the Federal Rules of Civil Procedure, which is applicable to bankruptcy proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure. A court shall grant summary judgment to a moving party when the movant shows that "there is no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056(c). In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2502, 91 L.Ed. 2d 2020 (1986), the Supreme Court found that a judge's function is not to determine the truth of the matter asserted or weight of the evidence presented, but to determine whether or not the factual disputes raise genuine issues for trial. *Anderson*, 477 U.S. at 249-50. In making this determination, the facts are to be looked upon in the light most favorable to the nonmoving party. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed. 2d 265 (1986); *Allen v. Bd. Of Public Educ. for Bibb County*,

495 F.3d 1306 (11th Cir. 2007). The moving party bears the burden of proving there is no issue as to any material fact and that judgment should be entered as a matter of law. Fed. R. Bankr. Pro. 7056(c). Proof must be by a preponderance of the evidence. *See, e.g*, *In re McKinnon*, 378 B.R. 405, 411 (Bankr. S.D. Ga. 2007) (stating that "the default standard of proof in a bankruptcy case" is preponderance of the evidence). The Plaintiff makes allegations under both § 523(a)(2)(A) and § 523(a)(4). The Court will address each in turn.

  A. § 523(a)(2)(A)

11 U.S.C. § 523(a)(2)(A) prevents a discharge from any debt for money, property, services, or an extension/renewal of credit obtained by false pretenses, a false representation, or actual fraud. In this case, both parties appear to acknowledge that in order for the Court must make a determination under § 523(a)(2)(A), the Court must evaluate the Defendant's subjective intent at the time she entered into the settlement with the Plaintiff. Making such a finding of fact will require at least some evidentiary testimony as well as a determination of the veracity and credibility of witnesses. Neither party has proven that there are no genuine issues of material fact by a preponderance of the evidence with regards to § 523(a)(2)(A). Therefore, summary judgment is not appropriate as to this count.

  B. § 523(a)(4)

11 U.S.C. § 523(a)(4) prevents a discharge from any debt for money, property, services, or an extension/renewal of credit obtained by fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. In this case, the Plaintiff alleges that the Defendant was acting in a fiduciary capacity as a mortgage broker arranging the mortgage for a home purchased by the Plaintiff. For purposes of § 523(a)(4), the Supreme Court has construed the term

"fiduciary" much more narrowly than the term is generally used. *See Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333 (1934). Unless some extraordinary facts exist to the contrary, such as the creation of an express trust, mortgage brokers are not considered fiduciaries. *In re Maynard*, 153 B.R. 933 (M.D. Fla. 1993). No additional facts of this nature have been alleged here. The Debtor did not stand in a fiduciary capacity to the Plaintiff such that the debt owed to the Plaintiff should be nondischargeable under § 523(a)(4), therefore it is appropriate to grant the Defendant's Motion for Summary Judgment as to this count only.

With regards to the Motion to Strike portions of the Affidavit of Richard Holston, it is due to be granted. Paragraph 7 of the Affidavit contains statements made in connection with settlement negotiations. Under Federal Rule of Evidence 408(a)(2), this statement is properly stricken. Paragraph 9 contains inadmissible opinion evidence, and under Federal Rule of Evidence 701, it is also properly stricken.

Therefore, it is ORDERED:

(1) The Defendant's Motion for Summary Judgment as to § 523(a)(2)(A) is DENIED;

(2) The Defendant's Motion for Summary Judgment as to § 523(a)(4) is GRANTED;

(3) The Plaintiff's Motion for Summary Judgment is DENIED;

(4) The Defendant's Motion to Strike is GRANTED;

(5) This matter is set for trial on Monday, March 15 at 9:00 a.m. in Courtroom 2 of the United States Bankruptcy Court, 201 St. Louis Street, Mobile, AL 36602.

Dated: August 11, 2011

_____
MARGARET A. MAHONEY
CHIEF U.S. BANKRUPTCY JUDGE